T.C. Summary Opinion 2009-35


UNITED STATES TAX COURT


ALFRED WELLES SUMNER, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12150-07S.                    Filed March 19, 2009.


Alfred Welles Sumner, pro se.

Robert W. Mopsick, for respondent.


THORNTON, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and

_____

[1] All subsequent section references are to the Internal Revenue Code, as amended.

this opinion shall not be treated as precedent for any other case.

Petitioner commenced this action in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the notice of determination) relating to petitioner's Federal income taxes for 1999, 2002, and 2003. Petitioner contends primarily that respondent erred in refusing to credit his $8,821 overpayment from 1995 against these outstanding tax liabilities. Respondent contends that the $8,821 overpayment is not available for credit against these outstanding tax liabilities because it is barred by the refund period of limitations under section 6511.

## Background

The parties have stipulated some facts, which are so found. When he petitioned the Court, petitioner resided in New Jersey. Petitioner is an attorney.

### Petitioner's 1995 Overpayment

For 1995 petitioner made tax payments totaling $8,821. This amount comprised: (1) A $3,621 overpayment from petitioner's 1994 tax return, on which he requested that the overpayment be applied to his 1995 estimated tax;[2] (2) a $4,000 estimated tax

---

[2] Petitioner's 1994 Federal income tax return actually reported a $3,738 overpayment, but respondent applied $118 of this amount to cover petitioner's outstanding 1991 tax liability (discrepancies due to rounding).

payment that petitioner made on April 15, 1996; and (3) $1,200 of wage withholding.

Respondent's records indicate that petitioner never filed a 1995 tax return. After an investigation, respondent's revenue officer closed out the matter, noting that no 1995 return had been secured but concluding that there would have been little or no tax due for 1995. On August 29, 2008, respondent transferred $7,621 of petitioner's 1995 overpayment to an excess collections account.[3]

Petitioner's 1999 Return

On August 21, 2000, petitioner filed his 1999 return, showing a $1,058 underpayment. After applying available credits from 1998 and 2000, respondent determined petitioner's outstanding 1999 liability to be $212.

Petitioner's 2002 Liability

Petitioner filed no tax return for 2002. In a statutory notice of deficiency issued June 7, 2005, respondent determined a $6,877 deficiency. On October 25, 2005, respondent assessed this deficiency plus penalties. Petitioner subsequently paid $3,600 toward his 2002 liability.

---

[3] The record does not reflect respondent's treatment of the $1,200 wage withholding that makes up part of petitioner's $8,821 overpayment for 1995.

Petitioner's 2003 Tax Return

On August 19, 2004, petitioner filed his 2003 return, showing a $3,417 underpayment.

Collection Proceedings

Respondent sent petitioner a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320, dated August 16, 2006, for income taxes owed for tax years 1999, 2002, and 2003. Petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing. In an attachment to the Form 12153 petitioner asserted that respondent had failed to "credit me with all tax payments actually made. If the Service were to credit me with those payments, it would find that the amounts claimed to be owed on the Service's Notice of Federal Tax Lien Filing are in fact not owed." On the Form 12153 petitioner requested that the Internal Revenue Service (IRS) "contact me only in writing".

By letter dated March 12, 2007, respondent advised petitioner that since he had requested that all contacts be in writing, his conference would be held through correspondence. The Appeals settlement officer indicated, however, that if petitioner preferred, he could have a face-to-face meeting. The Appeals settlement officer requested petitioner to respond in 14 days to set up a date and location for the hearing. The Appeals settlement officer also noted that the Form 12153 failed to

specify which payments petitioner believed should have been credited to him. The Appeals settlement officer requested petitioner to describe the years and amounts of these payments and to provide verification of them, along with other information. The Appeals settlement officer also indicated that before collection alternatives could be considered, petitioner would need to make estimated tax payments for 2006, file his 2004 and 2005 returns, and submit a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. Petitioner never responded to the Appeals settlement officer and never requested a face-to-face hearing.

In the notice of determination dated April 25, 2007, respondent's Appeals Office sustained the filing of the notice of tax lien. The notice of determination concluded that the IRS had met the requirements of all applicable laws, that the Appeals settlement officer assigned to the case had no prior involvement with petitioner's case, and that petitioner had failed to present any information that would warrant relief.

## Discussion

The parties agree that petitioner overpaid his 1995 Federal income tax and that if the 1995 overpayment were credited against his 1999, 2002, and 2003 liabilities, which are the subject of the notice of filing of tax lien, those liabilities would be satisfied. Respondent contends, however, that application of the

overpayment is barred by section 6511(a). For the reasons described below, we agree.

Under section 6511(a), a claim for credit or refund of overpayments ordinarily must be filed within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever is later. Even if the claim is timely filed, section 6511(b) limits the amount recoverable by reference to two so-called lookback periods: (1) If the taxpayer files the claim within 3 years of filing a return, the credit or refund is generally limited to the amount paid during the 3 years immediately before the claim was filed; and (2) if the claim is not filed within 3 years of filing a return, the credit or refund is generally limited to the amount paid during the 2 years immediately before the claim was filed. See Commissioner v. Lundy, 516 U.S. 235, 240 (1996).

In applying these limitations to petitioner's claim for credit of his 1995 overpayment, the threshold inquiry is whether petitioner ever filed his 1995 return. Respondent's records indicate that he did not.

The only evidence that petitioner has offered as to the filing of his 1995 return is his testimony that in late spring 1997 he hand-delivered his 1994 and 1995 tax returns to respondent's Mountainside, New Jersey, office. Credible testimony by respondent's revenue officer, however, explicating

respondent's records, persuades us that it was actually petitioner's 1993 and 1994 tax returns, rather than his 1994 and 1995 returns, that he delivered to respondent's office in late spring 1997.  Although we do not question petitioner's good faith or motives, petitioner himself acknowledged at trial that the events in question were a long time ago and that it was possible he misremembered them.  On a preponderance of the evidence, we conclude that petitioner never filed his 1995 return.

Under section 6511(a), then, the relevant period for petitioner to have filed his claim for refund or credit of his 1995 overpayment was 2 years from the date he paid the tax.  Petitioner is deemed to have made the payments making up the 1995 overpayment on April 15, 1996.[4]  The record does not suggest that petitioner filed a claim for credit or refund of his 1995 overpayment within 2 years of April 15, 1996.[5]  Accordingly,

---

[4] As previously indicated, the 1995 overpayment included a $3,621 overpayment from petitioner's 1994 tax return which he requested to be applied to his 1995 estimated tax.  Consequently, this amount was applied as a payment on account for petitioner's estimated tax for 1995, see sec. 6402(b); sec. 301.6402-3(b)(5), Proced. & Admin. Regs., and was deemed to have been paid on Apr. 15, 1996, see sec. 6513(b)(2).  Similarly, the other components of petitioner's 1995 overpayment, i.e., the $4,000 estimated tax payment and the $1,200 of wage withholdings, are deemed to have been paid on Apr. 15, 1996.  See sec. 6513(b)(1) and (2).

[5] Petitioner suggests that even if he never filed a 1995 return, he should be deemed to have made a claim for credit or refund of his 1994 overpayment by virtue of filing his 1994 return.  The problem for petitioner is that he was given credit for his 1994 overpayment in the manner he requested (except for
(continued...)

refund or credit of petitioner's 1995 overpayment is barred by the limitations period under section 6511.

Petitioner claims that he was improperly denied a face-to-face hearing. Petitioner admits, however, that he never requested a face-to-face hearing and never responded to respondent's March 12, 2007, letter offering him one. Petitioner claims that he declined to respond to this offer because he was convinced it was not going to be a fair proceeding. In particular, petitioner complains that before communicating with him the Appeals settlement officer had received and reviewed his administrative file "ex parte". The transmission of the administrative file, however, is not considered an ex parte communication. Rev. Proc. 2000-43, sec. 3, Q&A-4, 2000-2 C.B. 404, 405. Petitioner does not allege and the record does not suggest that the transmission of the administrative record to the Appeals settlement officer was accompanied by any cover letter or other communication that would even appear to compromise her independence. Cf. Indus. Investors v. Commissioner, T.C. Memo. 2007-93.

Similarly, petitioner contends that respondent's March 12, 2007, letter improperly set preconditions on any hearing by

_____

[5](...continued)
the $118 applied to his outstanding 1991 liability, see supra note 2), by applying it to his 1995 estimated tax, thus contributing to his 1995 overpayment for which, as just discussed, he failed to make a timely claim for credit or refund.

insisting that petitioner make estimated tax payments for 1996, file his 2004 and 2005 returns, and submit a completed collection information statement.  Petitioner's contention is without merit. The Appeals settlement officer did not abuse her discretion in advising petitioner of the eligibility requirements for considering collection alternatives and in giving him the opportunity to demonstrate his eligibility.

In his petition, petitioner requests additional relief in the form of an accounting from respondent of payments made, a letter of apology from respondent, or a new hearing.  In the light of the foregoing discussion, these claims are moot or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.